IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01833-PAB-MEH

EDGAR COBB, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN OIL & GAS INC., a Nevada corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
SCOTT HOBBS, and
HESS CORPORATION, a Delaware corporation,

    Defendants.

---

**MINUTE ORDER SETTING SCHEDULING CONFERENCE AND
STANDING ORDER FOR ANY SETTLEMENT CONFERENCE**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 6, 2010.**

The above captioned case has been referred to Magistrate Judge Michael E. Hegarty pursuant to an Order of Reference entered by Judge Philip A. Brimmer on August 5, 2010.

Pursuant to the Order of Reference, it is hereby ORDERED that the Fed. R. Civ. P. 16(b) Scheduling Conference shall be held on **October 27, 2010**, at **9:30 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an alternate date. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

<u>The plaintiff shall notify all parties who have not entered an appearance of the date and time of the Scheduling Conference</u>.

Lawyers whose offices are located outside of the Denver metropolitan area may appear at scheduling conferences by telephone. Please contact Chambers at (303) 844-4507 at least five business days prior to the scheduling conference to arrange appearance by telephone. Lawyers appearing by telephone must ensure that the proposed Scheduling Order is filed electronically and by email no later than five business days prior to the scheduling conference, in accordance with the instructions in this minute order.

It is further ORDERED that counsel for the parties in this case are to hold a pre-scheduling conference meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **October 6, 2010**. Pursuant to Fed. R. Civ. P. 26(d), no

discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the Court.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures V.L., **no later than five (5) business days** prior to the scheduling conference.  **The proposed Scheduling Order is also to be submitted in a useable format (i.e., Word or WordPerfect only) by email to Magistrate Judge Hegarty at** *Hegarty_Chambers@cod.uscourts.gov***.**

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the clerk's office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded from the Standardized Order Forms section of the Court's website, found at http://www.cod.uscourts.gov/Forms.aspx.**  All Scheduling Conferences held before a Magistrate Judge utilize the same scheduling order format, regardless of the District Judge assigned to the case.

Any out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion.  Failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

Finally, the parties or counsel attending the Conference should be prepared to informally discuss settlement of the case. There is no requirement to submit confidential settlement documents/letters to the Court beforehand or to have parties present who shall have full authority to negotiate all terms and demands presented by the case.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.

**IT IS FURTHER ORDERED** that any Settlement Conference held before this Court will be governed by the following Standing Order:

Any settlement conference scheduled in this case will be held in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.  Parties should check-in with Chambers upon arrival using the intercom to the left of the second floor elevators.

Counsel shall have all parties present, including all individually named parties or a representative of each named entity.  Counsel shall also have in attendance all individuals with

full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including, but not limited to, an adjustor, if an insurance company is involved.  "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority."  **This requirement is not fulfilled by the presence of counsel and/or an insurance adjustor alone**.

In exceptional circumstances only, the appearance of insurance representative by telephone may be approved in advance of the conference.  Any party seeking such relief should file the appropriate motion with the Court.

No person is ever required to settle a case on any particular terms or amounts.  However, both parties must participate in the settlement conference in good faith, pursuant to Fed. R. Civ. P. 16(f).  If any party or party representative attends the settlement conference without full authority, fails to attend the settlement conference without prior Court approval, or fails to participate in the conference in good faith, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.  ***If one or both parties believe that the matter may not be ripe for negotiations, counsel should confer with the opposing party(ies) and contact Chambers prior to the conference to reschedule the settlement conference to a more appropriate time***.

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge.  The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer.  These documents should be intended to persuade the clients and counsel on the other side.

The document, to be emailed to the Magistrate Judge (not submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement.  The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference.  Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Again, please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.